IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER SOLANO,<br><br>     *Plaintiff,*<br><br> v.<br><br>SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA, HOLLY MCCOY, *and* MICHAEL ZEIG,<br><br>     *Defendants.* | Civil Action No. 2:25-cv-1412<br><br>Hon. William S. Stickman IV |

**MEMORANDUM ORDER**

Plaintiff Roger Solano ("Solano"), a faculty member at Slippery Rock University, brought this action against his employer and colleagues for retaliation in violation of state and federal employment statutes. (ECF No. 10). Defendants filed a motion to dismiss arguing that Solano has failed to establish a materially adverse employment action and that no causal link exists between the alleged protected activity and the materially adverse employment action. (ECF No. 12). The Court concurs with Solano that at this early stage, his averments have "nudge[d] his claims across the line to the realm of possibility."[1] (ECF No. 19, p. 10). Consequently, for the following reasons, Defendants' motion will be denied.

---

[1] A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The United States Court of Appeals for the Third Circuit has explained that an adverse employment action is one by an employer "that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Jones v. Se/Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)). Examples of adverse actions include "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Remp v. Alcon Labs.*, 701 F. App'x 103, 107 (3d Cir. 2017) (noting that other adverse actions include placing an employee in a potentially less profitable sales position, failing to rehire, suspending someone without pay, and revoking a person's office, dismissing her secretary, and assigning her less work). "Minor actions, such as lateral transfers and changes of title and reporting relationships, are generally insufficient to constitute adverse employment actions." *Langley v. Merck & Co.*, 186 F. App'x 258, 260 (3d Cir. 2006); *see also Barnees v. Nationwide Mut. Ins. Co.*, 598 F. App'x 86, 90 (3d Cir. 2015) (stating that lateral transfers and changes of title or reporting relationships usually do not constitute adverse employment actions). "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Burlington N. & Santa Fe Ry. Co.*, 548

---

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

U.S. 53, 71 (2006) (citation modified). "[A]ctions that reduce opportunities for promotion or professional growth can constitute adverse employment actions," especially when the move prevents the employee from using her skills and experience. *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 219 (3d Cir. 2014) (citing *inter alia Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)).

The Court finds that Solano has adequately pled an adverse employment action – i.e., that he was passed over for a position as Assistant to the Dean in the summer of 2025. This position would have increased his salary by $8,000 to $10,000 per year. When an individual is denied promotion, they are deprived of additional income and may also experience the anxiety that accompanies professional stagnation. Because the Court has found that Solano has adequately pled an adverse employment action, it need not address whether any of the other asserted adverse employment actions are sufficient to state a claim for retaliation at this juncture.[2]

The Court further finds that Solano has adequately pled causation. A plaintiff can show causation through "(1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, ... (2) a pattern of antagonism coupled with timing," or (3) "that from the evidence gleaned from the record as a whole the trier of fact should infer causation." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (internal

---

[2] Solano became the chair of the Management Department in February 2024, and he received a stipend to serve as department chair. Due to the administration's determination that responsibility for the MBA program would be shared by his department and another, the graduate students in his department were reduced, which in turn reduced his summer compensation. The amended complaint is unclear as to the exact reduction in salary and when it occurred. The Court cannot determine if this too constituted a viable adverse employment action, *see e.g., Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) (holding that transfer to a different position can qualify as a materially adverse employment action so long as there is some harm respecting an identifiable term or condition of employment), or if it was nothing more than an administrative/department transitional decision made in the university's regular course of business.

3

quotation marks and citation omitted). Since there is no single, definite way of showing causation at the motion to dismiss stage, the Court must look at the evidence "as a whole" to determine if retaliation has been sufficiently pled. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280–81 (3d Cir. 2000). However, "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) (explaining that "a *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim" (internal quotations and citations omitted)). "Instead of requiring a *prima facie* case, the post-*Twombly* pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Id.* at 789 (internal quotations and citations omitted).

Mindful of the procedural posture of this case, the Court finds that Solano has alleged sufficient facts to support a reasonable expectation that discovery will reveal evidence of causation. He has pled a pattern of antagonism and hostility. Solano has continually complained to administrators about his colleagues' adverse treatment and the restructuring of his department.[3] He has pled that Defendant Michael Zeig cautioned him against continuing to raise his harassment concerns, and that Defendant Holly McCoy failed to work with him after being alerted by Solano that his colleagues' adverse treatment affected his mental health. Solano has come forth at the pleading stage with just enough to show that all of this was casually related to the adverse employment action of being passed over for the Assistant to the Dean position. Discovery is necessary to ascertain if retaliation was the causal factor of Solano's non-selection to the role.

---

[3] Solano also filed an EEOC complaint in October 2024, and a federal lawsuit in November of 2024 at Case No. 2:24-cv-01542.

AND NOW, this __16__ day of April 2026, IT IS HEREBY ORDERED that University Defendants' Motion to Dismiss Amended Complaint (ECF No. 12) is denied.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE